STATE of Oklahoma ex rel. OKLAHO-
MA BAR ASSOCIATION,
Complainant,

v.

Paul J. KESSLER, Respondent.

No. 2586.

Supreme Court of Oklahoma.

Jan. 31, 1978.

John M. Amick, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Earl G. Williams, Oklahoma City, for respondent.

LAVENDER, Vice Chief Justice:

This is a disciplinary proceeding under the Rules Creating and Controlling the Oklahoma Bar Association. Rules-Bar Association, 5 O.S.1971, Ch. 1-App. 1, Arts. 9, 10.

An endowment fund of a private college made a loan to three individuals. The loan was placed in default. One of the borrowers was the father of Paul J. Kessler, respondent and a member of the Oklahoma Bar Association. Respondent represented the borrowers in handling this situation.

After demand for payment, made separately on the borrowers and also through respondent, one of the individual borrowers, a medical doctor, desired to pay what he believed to be his one-third liability in a lump sum. His check, payable to the endowment fund and in the amount of $28,-475.86, was delivered to respondent for payment to the endowment fund. An unauthorized endorsement was placed on the check consisting of the typed name of the endowment fund and immediately below a stamping of "For Deposit Kessler, McLaughlin, Trust Account." That money was then deposited in the respondent's client trust account. Thereafter, on two occasions, the respondent made withdrawals from the account for his personal use, one for $10,000 and the other for $4,000. After the withdrawals, there were insufficient funds in the trust account to make the payment as directed by the doctor. Subsequent to the withdrawals, respondent delivered a check on the trust account in the amount of the doctor's payment that was dishonored for insufficient funds. Approximately one month later, respondent made payment to the endowment fund by cashier's check.

Complaint was filed by the Oklahoma Bar Association against respondent seeking discipline for the respondent. Hearing was held before the appointed trial authority, James C. Bass. In his report, filed with the Chief Justice of this court, the trial authority made findings of fact and conclusions of law that included a recommendation the respondent be suspended from the practice of law within the State of Oklahoma for a period of eighteen months. The issue before this court is the recommendation of the trial authority for imposing discipline on

the respondent. Association went forward as required and filed its brief. Respondent waived the filing of any brief.

This court has reviewed the transcript of the hearing before the trial authority. Record indicates the respondent has cooperated with the Bar Association in this matter. Few facts were in dispute, with the principal fact issues being stipulated to by the parties. We can only agree with the finding and conclusion of the trial authority that the respondent violated the provisions of Canon IX of the Code of Professional Responsibility. We note the doctor lost no money and nothing in the record indicates any prior professional reprimand or misconduct involving this respondent.

Regarding the severity of the discipline which should be imposed on the respondent, our attention was called by him to *State ex rel. Oklahoma Bar Association v. Geb,* Okl., 494 P.2d 299 (1972). In that case an attorney received some money, which belonged to the client, in April, but failed to account for it to his client until the following month. There were extenuating circumstances in that matter and, also, the amount of the suspension was "agreed" to by both the Bar counsel and respondent. The trial authority recommended and the court adopted the recommendation of one year suspension in that case. A case which, to us, appears more analogous is *State ex rel. Oklahoma Bar Association v. Hensley,* Okl., 560 P.2d 567 (1977). In *Hensley* the attorney not only used his client's money wrongfully, but was not truthful with the client in order to forestall further inquiry about it. He was finally suspended for two years. The attorney in that case had practiced law for twenty-five years without having been charged with a discipline violation. See also *State ex rel. Oklahoma Bar Association v. Smith,* Okl., 510 P.2d 936 (1973). In the last cited case the attorney was suspended for two years, but there he had clearly forged his client's name on the settlement draft before depositing it and misusing the money.

We approve the report of the trial authority and impose the discipline on the

respondent as there recommended of suspension from the practice of law in the State of Oklahoma for a period of eighteen months from the effective date of this opinion. Actual cost of this proceeding, including the cost of the record herein, shall be paid by respondent.

Respondent is further directed to comply with Art. 10, § 16(f) of Rules Creating and Controlling the Oklahoma Bar Association as reported in T. 5, Ch. 1-App. 1 Oklahoma Statutes Annotated.

REPORT AND RECOMMENDATION OF THE TRIAL AUTHORITY APPROVED.

HODGES, C. J., and WILLIAMS, IRWIN, BERRY, and DOOLIN, JJ. concur.